GELTZ *v.* CROZIER.

No. 510.   Patent Appeals.   Submitted November 12, 1908.   Decided January 5, 1909.

HEARING on an appeal from a decision of the Commissioner of Patents sustaining an opposition to an application for the registration of a trademark.                          *Affirmed.*

The facts are stated in the opinion.

*Mr. Arthur v. Briesen* and *Mr. George W. Case, Jr.,* for the appellant.

*Mr. Samuel S. Watson* for the appellee.

---

### GELTZ *v.* CROZIER.

---

PATENTS; INTERFERENCE; CONSTRUCTIVE REDUCTION TO PRACTICE; SPECIFICATIONS AND CLAIMS.

1. Where a party to an interference, who conceived the invention of the issue some time prior to the filing of his application, did not reduce the invention to practice, he is restricted to his filing date for the constructive reduction to practice.

At page 293 of Vol. 30 App. D. C., in place of the words "Mr. Justice VAN ORSDEL delivered the opinion of the court:" gum the attached slip.

Mr. Justice ROBB delivered the opinion of the Court:

2. A claim of an applicant, made the issue of an interference without objection on the part of the other party, and reading, "a boiler flue having one end reduced in internal diameter and increased in external diameter, substantially as described," will not be read at the instance of such other party, so as to require that the external and internal reinforcement of the tube should be integral with it.

No. 513. Patent Appeals. Submitted November 12, 1908. Decided January 5, 1909.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. Charles M. Clarke* and *Mr. W. B. Corwin* for the appellants.

*Mr. James F. Williamson* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal [by Albert H. Geltz and Lee L. Hosack], from a decision of the Commissioner of Patents in an interference proceeding, affirming the decision of the Board of Examiners-in-Chief, which, in turn, had affirmed the decision of the Examiner of Interferences, awarding judgment of priority to appellee, John M. Crozier, the junior party.

The invention before us relates to boiler flues, and the issue is defined by but a single count, which reads as follows:

"A boiler flue having one end reduced in internal diameter and increased in external diameter, substantially as described."

As stated by the Commissioner in his opinion, "the object of this invention is to provide a detachable boiler flue with an end of increased thickness in order that the walls of the tube at the fire box will be of substantially the same thickness as the flue sheet, and thereby overcome the objection of unequal expansion and contraction due to the changes of temperature in

the boiler, and also to provide a flue which may be readily re-paired."

Appellants' application was filed on November 24, 1905, while appellee did not file his application until March 22, 1906. On May 22, 1906, a claim from appellee's application, the count here in issue, was suggested to appellants for the purpose of interference. Upon the adoption of this claim, an interference was declared.

The record discloses, and it is not disputed, that appellants conceived the invention in September, 1904; but, not reducing their invention to practice prior to the filing of their application, they must be restricted to that date for a constructive reduction to practice. Appellee, on the other hand, testified that he conceived the invention in issue in May, 1904, and that, in the latter part of that month, he disclosed it to one Alexander Hill. Hill was called as a witness, and corroborated appellee as to the disclosure at that time of a boiler tube one end of which was decreased in its internal diameter and increased in its external diameter, and testified that he described to appellee a machine by which he thought such a tube could be made. All three tribunals of the Patent Office held this disclosure to be sufficient, and with them we fully agree.

Appellee has introduced in evidence a tube (Crozier's exhibit 4) which he testified was made in April, 1905. In this he is corroborated by a witness named Turnbull, a boiler-maker and blacksmith, who assisted in the making of this and similar tubes, and who testified that, in their manufacture, each tube was first crimped or drawn in, a heated ring then placed over it, and both tube and ring heated and welded together. This resulted not only in an increase in the external diameter, but in a material decrease in the internal diameter of the tube.

It is contended by counsel for appellants that the issue, construed in the light of the prior art and of the specifications and claims of the applicants, should be read so as to require that the external and internal reinforcements of the tube should be integral with it. If this contention is correct, "Crozier's

exhibit 4" does not constitute a reduction to practice. While it is true that courts will liberally construe a claim in order to uphold its validity or to protect the rights of a patentee from infringement, it is well settled that such a construction must be consistent with the language employed and not add to or detract from the terms of the claim. "A patent should be construed in a liberal spirit to sustain the just claims of the inventor. This principle is not to be carried so far as to exclude what is in it, or to interpolate anything which it does not contain." *Providence Rubber Co.* v. *Goodyear,* 9 Wall. 788, 19 L. ed. 566. This distinction was also recognized in the case of *Cimiotti Unhairing Co.* v. *American Fur Ref. Co.* 198 U. S. 399, 49 L. ed. 1100, 25 Sup. Ct. Rep. 697, where the court said: "It is well settled that a greater degree of liberality and a wider range of equivalents are permitted where the patent is of a pioneer character than when the invention is simply an improvement, may be the last and successful step, in the art theretofore partially developed by other inventors in the same field. Upon this subject, it was said by this court (*Westinghouse* v. *Boyden Power Brake Co.* 170 U. S. 537, 42 L. ed. 1136, 18 Sup. Ct. Rep. 707, quoted with approval in *Singer Mfg. Co.* v. *Cramer,* 192 U. S. 265, 48 L. ed. 437, 24 Sup. Ct. Rep. 291): 'To what liberality of construction these claims are entitled depends to a certain extent upon the character of the invention and whether it is what is termed in ordinary parlance a "pioneer." ' " Later in the same case, the court said: "In making his claim the inventor is at liberty to choose his own form of expression, and, while the courts may construe the same in view of the specifications and the state of the art, they may not add to or detract from the claim."

Although in this case the count of the issue was one of appellee's claims, appellants adopted the same by incorporating it into their application. Had they objected to the language or scope of the claim, they were at liberty to move to dissolve the interference. In *White* v. *Dunbar,* 119 U. S. 47, 30 L. ed. 303, 7 Sup. Ct. Rep. 72, the court said: "Some persons seem to suppose that a claim in a patent is like a nose of wax, which may be

turned and twisted in any direction, by merely referring to the specification, so as to make it include something more than, or something different from, what its words express. The context may, undoubtedly, be resorted to, and often is resorted to, for the purpose of better understanding the meaning of the claim, but not for the purpose of changing it and making it different from what it is. The claim is a statutory requirement, prescribed for the very purpose of making the patentee define precisely what his invention is; and it is unjust to the public, as well as an evasion of the law, to construe it in a manner different from the plain import of its terms. This has been so often expressed in the opinions of this court that it is unnecessary to pursue the subject further."

Appellants introduced several patents in evidence to show the state of the art. After a careful consideration of these patents, the Examiner of Interferences said: "In view of the art as outlined above, no reason is seen for giving the claim such a narrow construction, even if such a course were permissible." This statement was affirmed by the other two tribunals of the Patent Office, the Commissioner saying: "There is not in the art relied upon any patent covering the structure claimed; and I do not, therefore, find any sufficient reason for placing a limited construction upon the claim."

We can find no theory upon which to interpolate into the issue the limitation sought by appellants. The count is in clear and unambiguous language, and is capable of but one construction. Where a product can only be made by the particular process described, it is true that such process may be read into the claim; but in this case a flue of the character claimed, having one end reduced in internal diameter and increased in external diameter, may be manufactured in several ways. Neither does a consideration of the applications warrant a conclusion that the parties intended to limit their invention to the specific integral structure shown. In some of the claims the broad idea is sought to be protected, while other claims are drawn to a flue reinforced integrally.

We are therefore of the opinion that "Crozier's exhibit 4"

does constitute a reduction to practice, and that appellee, being the first to conceive and the first to reduce to practice, is entitled to judgment of priority.

The decision of the Commissioner of Patents is affirmed, and the clerk will certify these proceedings, as by law required.

*Affirmed.*